UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GERONIMO LUCAS**,<br><br>         Petitioner,<br><br>vs.<br><br>**MICHELLE FLOYD**,<br><br>         Respondent. | 2:22-CV-11234-TGB-JJCG<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 7)** |

This matter is before the Court on pro se Petitioner Geronimo Lucas's motion to appoint counsel. ECF No. 7. In June 2022, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner seeks to challenge his state court convictions for two counts of first-degree criminal sexual conduct. For the reasons stated below, the Court **DENIES** Petitioner's motion to appoint counsel without prejudice.

Petitioner seeks appointment of counsel because he contends that he has difficulty navigating court procedures and adequately presenting his habeas claims. ECF No. 7, PageID.109. A habeas petitioner does not have a constitutional right to counsel in a habeas proceeding. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). But a habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the

interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Therefore, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986).

Furthermore, "[a]ppointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). The appointment of counsel in a habeas case remains discretionary if no evidentiary hearing is necessary. *Id*. In "exceptional cases," even absent the need for an evidentiary hearing, counsel may be appointed "where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id*. at 788.

Here, Petitioner filed his habeas petition, which included several exhibits supporting his request, with the assistance of a jailhouse lawyer. ECF No. 7, PageID.109. As such, Petitioner has demonstrated that he has the means and ability to present his claims to the Court. Moreover, Respondent has not yet filed the Rule 5 materials in this case. Without these materials, the Court is unable to determine whether an evidentiary hearing is necessary. Thus, the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion is **DENIED** without prejudice. The Court will

consider Petitioner's request for counsel if, upon further review of the case, the Court determines that appointment of counsel is necessary. Petitioner need not file any further motions regarding this issue.

**IT IS SO ORDERED.**

Dated: December 7, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE